**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

CHILD EVANGELISM FELLOWSHIP                    Civil No. 10-2687 (JRT/JJK)
OF MINNESOTA,

                                    Plaintiff,

                                                                **ORDER**

v.

MINNEAPOLIS SPECIAL SCHOOL
DISTRICT NO. 1,

                                    Defendant.

G. Craig Howse, **HOWSE & THOMPSON, PA**, 3189 Fernbrook Lane
North, Plymouth, MN   55447; Matthew H. Krause and Stephen M.
Crampton, **LIBERTY COUNSEL**, 100 Mountain View Drive, #2150,
Lynchburg, VA  24502, for plaintiff.

Michael J. Vanselow and Marie L. Van Uitert, **OPPENHEIMER WOLFF
& DONNELLY LLP**, 222 South Ninth Street, Suite 2000, Minneapolis,
MN  55402, for defendant.

The above-captioned matter came before the Court upon the parties' Stipulation

for Entry of Permanent Injunction and Dismissal with Prejudice, ("the Stipulation") filed

on October 10, 2012.   On January 25, 2013, the Court issued an Order for Entry of

Permanent Injunction and Dismissal with Prejudice.  Upon further review, the Court finds

that the Stipulation indicates only that the parties have agreed to settle this matter.

Because the Stipulation does not indicate that the parties have satisfied the requirements

for the entry of a permanent injunction, and the Court's retention of jurisdiction is

unnecessary, the Court will vacate its previous order.

# BACKGROUND

Child Evangelism Fellowship of Minnesota ("CEF") brought this action against Minneapolis Special School District No. 1 ("the District") seeking injunctive relief preventing the District from engaging in conduct that allegedly violated CEF's freedom of speech, free exercise of religion, and other constitutional rights. (Compl., June 28, 2010, Docket No. 1; Mot. for Prelim. Inj., Jan. 3, 2011, Docket No. 9.)

CEF sponsors a Good News Club at the District's Jenny Lind Elementary School. The District operated an after school enrichment program pursuant to Minn. Stat. § 124D.19, subd. 12, which allows districts operating community education programs to offer youth after school programs "that support development of social, mental, physical, and creative abilities of school-age youth." CEF became a member of the after school program. However, during the 2008-2009 school year the District informed CEF that it would be removed from the after school program, and as a result would not be listed in the District's after school program registration form, and would no longer have access to transportation and food services from the District. CEF alleged that the District revoked its right to participate in the after school program upon a complaint that CEF was engaging in religious activities with students.

The Court denied CEF's motion for a preliminary injunction, finding that CEF was unlikely to succeed on the merits. (Order, Sept. 30, 2011, Docket No. 36.) The Eighth Circuit reversed, finding that CEF was likely to succeed on the merits of its First Amendment claim. *Child Evangelism Fellowship of Minn. v. Minneapolis Special Sch. Dist. No. 1*, 690 F.3d 996 (8th Cir. 2012).

On October 10, 2012, the parties filed the Stipulation indicating that they wish to resolve the case and "avoid the time and expense of further litigation." (Stipulation ¶ 3, Oct. 10, 2012, Docket No. 51.)  Pursuant to the Stipulation the District will pay CEF $100,621 in attorneys' fees and costs.  (*Id.* ¶ 5.)  The Stipulation also prohibits the District from denying CEF's Good News Club full reinstatement as an after school program at Jenny Lind, including equal access to the facilities and benefits enjoyed by other after school programs.  (*Id.* ¶ 4.)  Finally, the Stipulation requests that the Court enter a permanent injunction and "retain jurisdiction over this matter for the purpose of enforcing its permanent injunction." (*Id.* ¶¶ 3, 7.)

## ANALYSIS

### I.    PERMANENT INJUNCTION

Whether to issue a permanent injunction is a decision committed to the discretion of the district court.  *Wigg v. Sioux Falls Sch. Dist. 49-5*, 382 F.3d 807, 812 (8th Cir. 2004).  "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  When considering whether to issue a permanent injunction, one of the four factors that the Court must consider is "the threat of irreparable harm to the movant."  *Forest Park II v. Hadley*, 336 F.3d 724, 731 (8th Cir. 2003).  In determining whether a party faces a threat of irreparable harm, the Court considers the likelihood of future violations and whether an "injunction is necessary to prevent future violations."  *United States v. Articles of Drug*, 825 F.2d

1238, 1248 (8th Cir. 1987).[1]  Where there is no threat of future harm, injunctive relief is not warranted.  *See LensCrafters, Inc. v. Vision World, Inc.*, 943 F. Supp. 1481, 1497 (D. Minn. 1996).  Consequently, "a defendant's voluntary cessation 'is an important factor bearing on the question of whether a court should exercise its power to enjoin defendant.'"  *Surdyk's Liquor, Inc. v. MGM Liquor Stores, Inc.*, 83 F. Supp. 2d 1016, 1020 (D. Minn. 2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 283 (1982)).

Here, the Court finds that the parties have not demonstrated that permanent injunctive relief is necessary or warranted.  Instead, the Stipulation reveals the parties' agreement to settle the action.  *See Capitol Records, Inc. v. Kurnizki*, No. 2:06-cv-2702, 2007 WL 214564, at *1 (E.D. Cal. Jan. 25, 2007) ("[T]he Stipulation does not indicate that Defendant will not abide by the parties' agreed upon settlement, such that a permanent injunction and retention of jurisdiction to enforce the settlement is required.").  The Stipulation does not reveal that a permanent injunction is necessary to prevent future violations by the District.  Instead, because the District has voluntarily agreed to cease the challenged conduct, the Court finds that there is no threat of future irreparable harm to CEF and therefore an injunction should not issue.

---

[1] *See also United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) ("[T]he moving party must satisfy the court that [injunctive] relief is needed.  The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.").

## II.   PERPETUAL EXERCISE OF JURISDICTION

Additionally, the Court is not bound by the parties' stipulation regarding its continuing exercise of jurisdiction, because retaining jurisdiction over enforcement of a settlement involves a court's ancillary subject matter jurisdiction.   *See Gilbert v. Monsanto Co.*, 216 F.3d 695, 699 (8th Cir. 2000).[2]  "Parties cannot by agreement confer jurisdiction upon a federal court."  *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003).   Therefore, it is irrelevant "whether both parties wish for the federal court to retain indefinite jurisdiction to enforce their settlement agreement," *Brass Smith, LLC, v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 380 (D.N.J. 2011), because "parties may not confer subject matter jurisdiction by consent."  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).[3]  Instead, "[w]hether or not a court decides to retain ancillary jurisdiction over the settlement agreement is discretionary," and a district court "is under no obligation to retain jurisdiction over a settlement agreement."  *Brass Smith*, 827 F. Supp. 2d at 381; *see also Martin v. Moorhead Metro. Area Transit*, 971 F. Supp. 414, 415 (D. Minn. 1997).

---

[2] Federal courts do not automatically have jurisdiction over the enforcement of settlement agreements.   A district court retains ancillary enforcement jurisdiction over a settlement agreement only if "the dismissal order states that the district court is retaining jurisdiction over the agreement or the court incorporates the terms of the agreement into an order."  *Jenkins v. Kan. City Mo. Sch. Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).

[3] *See also Kokkonen*, 511 U.S. at 380 ("If the parties **wish** to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so." (emphasis in original)); *Arata v. Nu Skin Int'l*, 96 F.3d 1265, 1269 (9th Cir. 1996) ("[T]he mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court.").

"Ancillary enforcement jurisdiction is, at its core, a creature of necessity." *Peacock v. Thomas*, 516 U.S. 349, 359 (1996).  Here, the Court finds that the parties' Stipulation does not demonstrate any necessity for the perpetual exercise of the Court's jurisdiction.  Instead, it appears from the Stipulation that the parties have reached an agreement whereby the District has agreed not to deny CEF any of the rights accorded the District's other, non-religious after school programs.  The Court sees no indication that the District will violate this agreement, but if the agreement is violated, nothing will prevent the parties from pursuing a remedy.  *See Martin*, 971 F. Supp. at 416 (declining to exercise continuing jurisdiction over a consent decree where "[t]he Court [wa]s fully confident that the parties can and will pursue their remedies in regular course").[4] Additionally, the Court declines to exercise continuing jurisdiction consistent with the Stipulation, because the Stipulation requests the Court to retain jurisdiction indefinitely over all disputes arising out of CEF's access to the facilities and benefits provided by the District to its programs.  Where the parties' proposed retention of ancillary jurisdiction would subject the Court to perpetual jurisdiction over a broad range of disputes, declining to exercise jurisdiction is appropriate.  *See Brass Smith, LLC*, 827 F. Supp. 2d at 383 (declining to exercise jurisdiction proposed in a settlement where "there are no temporal or other limits to the Court's jurisdiction over the settlement agreement . . . and . . . the

---

[4] The Stipulation in the present case – indicating that the District has agreed to cease its complained of conduct – does not reveal the need for the type of immediate and continuous federal enforcement of its terms that would be provided by a permanent injunction accompanied by the Court's continued jurisdiction.  Instead, the Stipulation contains simple contractual settlement terms that can appropriately be enforced, in the event of a breach of those terms, by state courts.  *See Kokkonen*, 511 U.S. at 382 (explaining that absent the explicit retention of federal jurisdiction "enforcement of the settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction").

parties appear to contemplate that the Court will be available for this limitless period to resolve 'any disputes pertaining' to the agreement").

Because the Court will decline to enter a permanent injunction and exercise continuing jurisdiction over this matter, the Court's approval of the parties' Stipulation is no longer necessary, and the document is now simply a private settlement.  The parties appear to have agreed to bind each other to the Stipulations' terms – including that the District will pay CEF's attorneys' fees and costs and also allow CEF to enjoy equal access to the facilities and benefits enjoyed by non-religious groups – and request dismissal with prejudice of CEF's actions.  The Court notes, however, that it is "without authority to require parties to comply with a 'settlement' different from their own agreement." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1.*, 921 F.2d 1371, 1389 (8th Cir. 1990).  Although "a term mandating a court's continuing jurisdiction over a matter is not properly considered a term of settlement," *Martin*, 971 F. Supp. at 415, it is possible that the Court's refusal to enter a permanent injunction could materially affect the parties' decision to settle this case and dismiss CEF's claims with prejudice. Should the parties no longer agree to the entry of judgment in light of the Court's refusal to issue a permanent injunction, they may file a motion objecting to the Court's dismissal of this matter within thirty days of the entry of this Order.

## ORDER

After further review, and based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The Order for Entry of Permanent Injunction and Dismissal [Docket No. 52] and the accompanying judgment [Docket No. 53] are hereby **VACATED.**

2.      The parties' Stipulation for Entry of Permanent Injunction and Dismissal with Prejudice [Docket No. 51] is **DENIED** to the extent it requests the entry of a permanent injunction and the Court's retention of jurisdiction over this matter.

3.      Thirty (30) days from the entry of this Order, the Court will dismiss CEF's claims with prejudice and direct that judgment be entered, unless any party has filed an objection to such an order.

DATED:  March 12, 2013
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge